# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV1410 RLW |
| ) | |
| ALEX JEFFERSON and ) | |
| JOHN DOE, Individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Express Scripts, Inc.'s ("Express Scripts") Second Motion for Leave to Perform Third-Party Discovery (ECF No. 10). Plaintiff brings this action for trademark infringement, unfair competition, false designation of origin, and cyber-squatting under the Federal Trademark Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), and for trademark infringement and unfair competition under Missouri law arising from Defendants' alleged infringing registration and improper use of various domain names, including Express-ScriptsUSA.com and Express-ScriptUSA.com. In its motion, Plaintiff seeks leave to perform additional third-party discovery to determine the true identities and other identifying information of Defendants "Alex Jefferson" and "John Doe." Previous third-party discovery failed to identify the person who registered the domain names. Plaintiff asserts that without further discovery, it will likely be unable to identify Defendants, and their identities may be permanently lost or destroyed. Further, Plaintiff contends that, without said discovery, Plaintiff and the public will continue to suffer ongoing irreparable harm from Defendants' infringing registration and improper use of the various domain names.

According to Plaintiff, its discovery efforts revealed the identification of an email address associated with Defendants and registered through Microsoft Corporation. Plaintiff asserts that a Rule 45 subpoena served on Microsoft will aid Plaintiff in discovering the true identities of Defendants. Plaintiff has attached the subpoena it intends to serve on the third-party as Exhibit A.

Federal Rule of Civil Procedure 26(d)(1) permits courts to order discovery prior to serving Rule 26(a) initial disclosures. Fed. R. Civ. P. 26(d)(1); *United Pet Group, Inc. v. Does*, No. 4:13CV01053, 2013 WL 4482917, at *1 (E.D. Mo. Aug. 20, 2013). The party seeking expedited discovery must demonstrate good cause by showing that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. *Id.* at *1 (citation omitted). Specifically, courts allow expedited discovery in cases, such as this case, when the identity of the infringing defendant is hidden by the defendant's use of technology or third-parties. *Id.* (citation omitted); *Arista Records, L.L.C. v. Does 1-54*, No. 4:08-CV-1289, 2008 WL 4104563, at *1 (E.D. Mo. Aug. 29, 2008).

The Court finds that Plaintiff has demonstrated good cause because it has established irreparable harm from the infringement, limited availability of the information it seeks, and lack of prejudice to the Defendants. *Id.* Plaintiff will suffer ongoing irreparable harm by the repeated unauthorized use of domain names employing Express Scripts' service mark. Further, Defendants will not be prejudiced because Plaintiff seeks identifying information only and will use this information solely to advance this lawsuit. In addition, absent immediate discovery, information concerning Defendants' identities may be permanently lost or destroyed. Finally, Plaintiff has demonstrated that despite good faith efforts, it is unable to obtain the Defendants' identities by any other means.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Express Scripts' Second Motion for Leave to Perform Third-Party Discovery (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff may immediately serve a Rule 45 Subpoena on Microsoft Corporation to obtain the identities of Defendants solely for protecting Plaintiff's rights under the Lanham Act and related state law claims.

Dated this 17th day of February, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**